2024 IL App (1st) 242094-UB

FOURTH DIVISION
Order filed: December 26, 2024

No. 1-24-2094-B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23 CR 0780101 |
| CORNELIUS BYRD, | ) ) ) | Honorable Michael B. McHale, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Lyle concurred in the judgment.
Justice Ocasio specially concurred in the judgment.

**ORDER**

¶ 1 *Held*: The circuit court did not abuse its discretion in denying the defendant pretrial release\when its findings that the proof was evident and the presumption was great that the defendant committed a detainable offense and that he posed a danger to others were not against

the manifest weight of the evidence, and its finding that no condition or set of conditions were sufficient to mitigate the threat posed by the defendant was not an abuse of discretion.

¶ 2 The defendant, Cornelius Byrd, appeals from the circuit court's orders of May 16, 2024, and August 8, 2024, denying him pretrial release pursuant to Public Act 101-652, §10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFET) Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) and denying his motion for reconsideration. For the reasons which follow, we affirm.

¶ 3 The defendant was arrested on June 23, 2023, and charged with three counts of attempt murder, one count of aggravated battery, and one count of aggravated discharge of a firearm. On January 22, 2024, the defendant filed a petition for pretrial release pursuant to 725 ILCS 5/1106.1 (West 2024), and the State filed a verified Petition for Pretrial Detention Hearing. A pretrial detention hearing was held on January 22, 2024.

¶ 4 It appears from the defendant's petition for release that there was a hearing on September 12, 2023, following which he was denied bond. That hearing was held prior to the supreme court having vacated its December 31, 2022, stay of the pretrial release provisions in Public Acts 101-652 and 102-1104. *See People ex rel. Berlin v. Pritzker*, No. 129249 (Ill. Dec. 31, 2022) (supervisory order). The supreme court lifted its stay effective on September 18, 2023, and directed the circuit courts to conduct hearings consistent with Public Acts 101-652 and 102-1104. *Rowe v. Raoul*, 2023 IL 129248, ¶ 52.

¶ 5 At the beginning of the January 22, 2024, detention hearing, the judge stated: "Rather than hear a proffer from the State, I do have notes so I think I will just summarize what I was told before and please correct me if I'm wrong on anything stated and of course the defense will have a chance to respond." Following that statement, the judge recited his recollection of the facts leading to the

defendant's arrest. Following that recitation, the judge asked the Assistant State's Attorney if he wished to add anything else, and he responded: "No." After that exchange, the judge articulated facts in mitigation which he recalled and asked the defense counsel if she wished to add anything. Defense counsel then made a proffer in mitigation.

¶ 6 Following the defense proffer, the circuit court entered an order denying the petition for release and ordering the defendant detained pending trial. The defendant appealed the circuit court's detention order on February 5, 2024. On April 18, 2024, we vacated the trial court's detention order, holding that the circuit court erred by apparently relying on its memory of the State's proffer from the bond hearing, rather than conducting a full detention hearing with a proffer by the State. *People v. Byrd*, 2024 IL App (1st) 240311-UB, ¶ 9. We remanded the case to the circuit court for a new detention hearing in accordance with the requirements of the Act. *Id.*

¶ 7 The circuit court held a new detention hearing on May 16, 2024. At the hearing, the State proffered that on May 28, 2023, the defendant came to 5969 West Superior Street in Chicago, which was the home of the victim's aunt. The defendant previously lived at that address, but he was told to move out. After moving out, the defendant occasionally returned to the home to collect items such as incoming mail, but he was instructed to call ahead if he needed to come to the house. The defendant did not call ahead on the date in question, but instead arrived unannounced. The victim, the defendant's cousin, arrived at the home shortly after the defendant. The defendant and the victim began arguing in the dining room about some missing money and the state of the home. The defendant stood up, told the victim to "get out of his face", and walked towards the front door. The victim followed the defendant towards the front door, intending to lock the door behind the defendant after he left.

¶ 8 According to the State's proffer, the defendant walked down the home's front steps, and the victim stood behind the defendant in the open doorway. The defendant then stopped on the steps and turned towards the victim with a firearm in his hand. The victim asked the defendant what he was going to do and whether the defendant was going to shoot him over the argument. The defendant then fired the weapon at the victim several times while the victim stood in the open doorway. The victim was struck by a bullet in the right calf. There were multiple bullet holes in the home, including in the kitchen on the opposite side of the home, behind where the victim was standing. The defendant then fled the scene, and a hat he was seen wearing was recovered from the area where he fired the shots. The victim was transported to the hospital by ambulance and his injuries were treated. The defendant was identified as the shooter by the victim and another witness who was in the home at the time and knew the defendant.

¶ 9 The State then proffered the defendant's background, which included a 2018 misdemeanor conviction for possession of a firearm without a Firearm Owners Identification Card, and a 2021 conviction for aggravated unlawful use of a weapon for which the defendant was sentenced to probation.

¶ 10 In mitigation, defense counsel proffered that the defendant believed he was rightfully in his own home when the incident occurred and argued that he did not pose a danger to any specific person. Defense counsel also argued electronic monitoring would be sufficient to ensure the defendant attended court and was not a danger to others. Defense counsel also referred the court to letters of recommendation written by professors of the defendant as additional mitigation.

¶ 11 The circuit court issued an oral ruling at the conclusion of the hearing, finding that the charged offenses were detainable and that the proof was evident and the presumption was great that the

defendant committed the charged offenses. The court found that the defendant posed a real and present threat to the community based on the "egregious" facts of the case. The court also found that no set of conditions would mitigate the threat as the defendant had two prior gun cases and an apparent difficulty maintaining control over his emotions. The court did not find that electronic monitoring would mitigate that threat, as it was reactive rather than proactive. The court ordered that the defendant remain detained.

¶ 12 The trial court entered a written order on May 16, 2024, finding that the State had shown by clear and convincing evidence that: the proof was evident or the presumption great that the defendant had committed an eligible offense as listed in 725 ILCS 5/110-6.1(a)(1)-(7) (West 2024); the defendant posed a real and present threat to the safety of any person or persons or the community based on the specific articulable facts in this case; and that no conditions or combination of conditions of pretrial release could mitigate the real and present threat posed by the defendant to the safety of any person or persons or the community. In support of those findings, the court found that the defendant posed a real and present threat because he shot an unarmed man during an argument. The court further found that no conditions could mitigate the threat posed by the defendant due to his two prior gun convictions and because his conduct was so disproportionate to the situation that it demonstrated an inability to control his violent behavior. The court ordered that the defendant remain in the custody of the Cook County Sheriff until trial.

¶ 13 On July 11, 2024, the defendant, through the public defender, filed a motion for relief under the Act. *See* Ill. Sup. Ct. R 604(h)(2) (eff. Apr. 15, 2024). The motion argued (1) the State failed to meet its burden by clear and convincing evidence that the defendant committed the offense charged, (2) the State failed to meet its burden of proving by clear and convincing evidence that

the defendant posed a real and present threat to the safety of any person or the community based on the specific, articulable facts of the case, and (3) the court erred in its determination that no conditions or set of conditions would ensure the defendant's appearance at later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor. The motion argued that electronic monitoring or home confinement could allow the Sheriff to monitor the defendant, and the State did not point to anything about the defendant that made him a risk of failing to comply with pretrial monitoring.

¶ 14 The court addressed the motion for relief at a hearing on August 8, 2024. Defense counsel reiterated the arguments in the defendant's written motion, emphasizing that the State did not point to anything about the defendant that would suggest that he was a risk of failing to comply with electronic monitoring and that electronic monitoring was sufficient to mitigate any risk. The State argued the defendant could tamper with the electronic monitoring device, and that electronic monitoring was reactive, rather than proactive, and therefore could not prevent any incident from occurring.

¶ 15 After hearing argument, the circuit court orally denied the defendant's motion for relief. The circuit court emphasized that the defendant "apparently likes guns, a little too much" based on his prior convictions on gun-related charges. The circuit court observed that based on the State's proffer, the defendant was "unpredictable, erratic, possibly emotionally unstable, which makes him a threat to the public." The circuit court found that the defendant was a danger to the victim and the victim's mother. The circuit court stood on its prior ruling and ordered that the defendant remain in custody. The circuit court did not issue a separate written order denying the motion for relief.

¶ 16 After the circuit court denied the defendant's motion for relief, the defendant informed the circuit court that he wished to proceed *pro se*. The defendant was admonished regarding the charges, the possible penalties, and his right to an attorney, and the circuit court inquired into the defendant's education and legal knowledge. The circuit court then accepted the defendant's oral motion to proceed *pro se*, and the public defender was given leave to withdraw.

¶ 17 The defendant filed a *pro se* notice of appeal in the trial court utilizing the pre-printed "Notice of Pretrial Fairness Act Appeal" form. In that form the defendant checked the box indicating that he did not wish to have an attorney appointed for the appeal. The defendant mailed the notice of appeal to the Clerk of the Circuit Court of Cook County, Criminal Division from Cook County Jail on August 23, 2024, though it was not stamped by the clerk until September 26, 2024. The defendant identified six issues in the notice of appeal, many of which come from checked boxes on the notice of appeal form. The issues raised in the notice of appeal are (1) the State failed to meet its burden by proving by clear and convincing evidence that the proof is evident or the presumption is great that the defendant committed the offense charged, (2) the State failed to meet its burden of proving by clear and convincing evidence that the defendant poses a real and present threat to the safety of any person or persons in the community, based on the specific, articulable facts of the case, (3) the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or the defendant's willful flight, (4) the court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A

misdemeanor, (5) the defendant was denied an opportunity for a fair hearing prior to the entry of the order denying pretrial release due to an alleged failure to explain why he was detained, and (6) the circuit court abused its discretion in denying pretrial release and not releasing him with conditions of pretrial release.

¶ 18 The defendant also filled out portions of the Notice of Pretrial Fairness Act Appeal form intended for an appeal of an order imposing conditions of pretrial release, specifically (1) the court failed to take into account the factors set forth in 725 ILCS 5/110-5(a), and (2) the trial court's decision is against the manifest weight of the evidence, did not weigh the factors in setting conditions, and did not adequately discuss possible conditions of release.

¶ 19 In considering this appeal, this court has reviewed the following documents which have been submitted pursuant to Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024):

- Defendant's Notice of Pretrial Fairness Act Appeal,

- Defendant's supporting record, and

- The report of proceedings on May 16, 2024 and, August 8, 2024,

The defendant has not filed a memorandum in support of his appeal, and the State has not filed a memorandum in opposition.

¶ 20 Pretrial release is governed by article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2024)). Under that statute, a defendant's pretrial release may only be denied in certain limited situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2024). Upon the filing of a petition requesting an order denying the defendant's pretrial release, the State has the burden to prove by clear and convincing evidence that: the proof is evident or the presumption great that the defendant has committed a qualifying offense; the defendant's pretrial release poses a real and

present threat to the safety of any person or the community and/or that the defendant's pretrial detention is necessary to prevent the defendant's willful flight to avoid prosecution; and no condition or combination of conditions of pretrial release can mitigate the real and present threat posed by the defendant to the safety of any person or persons or the community. 725 ILCS 5/110-6.1(e)(1)-(3) (West 2024). A trial court may order a defendant detained pending trial if it finds that the State has met all three of its burdens.

¶ 21 We are mindful of the fact that several judges in the Appellate Court believe that review of a pretrial detention order should be de novo. *See People v. Lee*, 2024 IL App (1st) 232137 ¶ 21; *People v. Saucedo*, 2024 IL App (1st) 232020, ¶ 65 (Ellis, J., specially concurring). We disagree. As was noted by the majority in *Saucedo*, the decision to grant or deny pretrial release involves proof, or the absence thereof, of three propositions. The first two, whether the proof is evident and the presumption is great that the defendant committed the offenses charged and that the defendant poses a real and present threat to the safety of any person or persons or the community, are questions of fact. *Saucedo*, 2024 IL App (1st) 232020, ¶¶ 31-32. The manifest weight standard applies to the review of factual determinations made by the trial judge. *People v. Finlaw*, 2023 IL App (4th) 220797, ¶ 55. We believe the third proposition, that no condition or combination of conditions can mitigate the real and present threat posed by the defendant, is a matter committed to the discretion of the trial judge based on a weighing of several factors to arrive at a decision that promotes principals of fundamental fairness and effective judicial administration. *Saucedo*, 2024 IL App (1st) 232020, ¶ 36; *People v. Reed*, 2023 IL App (1st) 231834, ¶ 31.

¶ 22 The abuse of discretion standard of review was applied to circuit court decisions relating to the setting of bond. *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9; *People v. Johnson*, 2019

IL App (3d) 190582, ¶ 8. We find no reason why the same standard of review should not apply to the circuit court's ultimate decision to either grant or deny pretrial release.

¶ 23 Initially, we must note that several of the arguments raised in the defendant's notice of appeal are waived. Under recent amendments to Rule 604(h)(2), a party must file a written motion for relief as a prerequisite for an appeal. Ill. Sup. Ct. R. 604(h)(2). The motion for relief must request "the same relief to be sought on appeal and the grounds for such relief." *Id.* The rule further states "[u]pon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." *Id.* As the defendant has not identified any errors specific to the circuit court's hearing denying his motion for relief, our review is limited to the three grounds raised in both his motion for relief and his notice of appeal, specifically that (1) the State failed to meet its burden by clear and convincing evidence that the defendant committed the offense charged, (2) the State failed to meet its burden of proving by clear and convincing evidence that the defendant posed a real and present threat to the safety of any person or the community based on the specific, articulable facts of the case, and (3) the court erred in its determination that no conditions or set of conditions would ensure the defendant's appearance at later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor.

¶ 24 As to the first argument, the circuit court's finding that the proof was evident that the defendant committed a detainable defense was not against the manifest weight of the evidence. Based on the State's proffer, the defendant shot at the victim multiple times at close range after an argument. The defendant was identified by the victim and another witness, both of whom knew the defendant.

Those facts adequately supported the circuit court's finding that the proof was evident that the defendant committed the detainable offense of attempt murder.

¶ 25 Second, the defendant argues that the circuit court erred by finding that he posed a real and present threat to any individual or the community. Based on the circumstances set forth in the State's proffer, where the defendant escalated a verbal argument with a family member to gunshots, we cannot say that the circuit court erred in finding that the defendant posed a danger to the victim and the community. The circuit court noted the incident was dramatically escalated by the defendant resulting in him shooting his cousin, which demonstrated a lack of control over his emotions and made him a danger to the victim and the public. Those findings were supported by the State's proffer and are not against the manifest weight of the evidence.

¶ 26 Third, the defendant argues the circuit court erred by finding that no condition or combination of conditions could mitigate the real and present threat he may have posed. In its oral ruling, the circuit court noted that the defendant had two prior gun cases and an apparent difficulty maintaining control over his emotions. The circuit court found that electronic monitoring would not mitigate that risk. The circuit court's written order further noted that the defendant's disproportionate response to the situation demonstrated his inability to control his violent behavior. The circuit court observed that the defendant continued to carry a firearm despite his two prior gun convictions and that he demonstrated lack of impulse control by escalating a verbal argument with a family member into a shooting. Based on the circumstances set forth in the State's proffer and the defendant's background, the circuit court's finding that conditions such as electronic monitoring would not sufficiently mitigate the threat posed by the defendant was not an abuse of discretion.

¶ 27 The circuit court's findings that the proof was evident the defendant committed a qualifying offense and that he posed a real and present threat to any individual or the community were not against the manifest weight of the evidence, and its determination that no conditions of release could mitigate that threat posed by the defendant and that the defendant should be detained was not an abuse of discretion. Therefore, we affirm the circuit court's orders of May 16, 2024, denying the defendant pretrial release, and ordering him detained in the custody of the Cook County Sheriff pending trial, and the circuit court's order of August 8, 2024, denying the defendant's motion for relief.

¶ 28     Affirmed.

¶ 29     JUSTICE OCASIO, specially concurring:

¶ 30     I concur with the judgment. I write separately only to note that the standard of review in detention hearings remains unsettled. I have previously taken the position that detention decisions should be reviewed *de novo*, at least when they do not involve contested questions of historical fact. *E.g. People v. Coleman*, 2024 IL App (1st) 232064-U, ¶ 28 (Ocasio, J., concurring) (citing *People v. Whitaker*, 2024 IL App (1st) 232009, ¶¶ 79-138 (Ellis, J., concurring)). Although our supreme court has yet to clarify the proper standard or standards for reviewing the various determinations the trial court makes at a detention hearing, its recent decision in *People v. Mikolaitis*, 2024 IL 130693, implies that, for at least one of the three propositions that the State must prove by clear and convincing evidence, appellate review is deferential. See *id.* ¶ 24 ("Ultimately, it is up to the circuit court to review the evidence presented and determine whether conditions of release would mitigate the safety threat posed by a defendant."). Exactly how deferential that review may be remains unclear, and there may be good reasons to afford detention decisions somewhat less deference than

- 12 -

we would under the ordinary manifest-weight or abuse-of-discretion standards of review. But that is a question for another time. In this case, under any standard of review, the trial court properly determined that the State's proffer established, by clear and convincing evidence, that Cornelius Byrd had committed a detainable defense, that his release would pose a real and present threat to both the alleged victim and the community at large, and that there were no release conditions that could adequately mitigate that threat. I therefore concur with the judgment of affirmance.