2025 IL App (2d) 240686-U
No. 2-24-0686
Order filed February 13, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-1132 |
| MIKE A. FITZGERALD, | ) ) | Honorable Bianca Camargo, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices McLaren and Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's detention order was not erroneous, where the State met its burden to show that no combination of conditions would mitigate the threat posed by defendant. Affirmed.

¶ 2    Defendant, Mike A. Fitzgerald, requests that we vacate the circuit court's order granting the State's petition to deny him pretrial release pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).[1] See Pub. Act 102-1104, § 70 (eff.

---

[1]Public Act 101-652 (eff. Jan. 1, 2023), which amended article 110 of the Code of Criminal

Jan. 1, 2023) (amending various provisions of the Act); *Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). Specifically, defendant contends that the State failed to meet its burden of proving that any combination of conditions set by the circuit court coupled with the conditions of mandatory release would fail to mitigate the threat he posed to R.M.S. and the community. For the following reasons, we affirm.

¶ 3                                               I.  BACKGROUND

¶ 4        On May 31, 2024, defendant was charged with predatory criminal sexual assault (720 ILCS 5/11-1.40(a)(1) (West 2022)) and aggravated criminal sexual abuse (*id*. § 11-1.60(c)(1)(i)). The charges stemmed from incidents in 2016 between defendant and R.M.S., where R.M.S. alleged that defendant placed his hand on R.M.S.'s penis and touched R.M.S.'s body with his hand for the purpose of sexual gratification. At the time of charging, defendant was incarcerated in Taylorville Correctional Center on Kane County case Nos. 18-CF-1653 and 19-CF-2017 that occurred between 2013 and 2015 and involving two other complaining witnesses.

¶ 5        On July 22, 2024, the State petitioned to deny defendant pretrial release, alleging that he was charged with detainable offenses, and his pretrial release posed a real and present threat to any person or the community. 725 ILCS 5/110-6.1(a)(1.5), (5) (West 2022). The petition noted that, on May 1, 2019, defendant was convicted and placed on probation for aggravated criminal sexual abuse in Kane County case No. 18-CF-1653. A petition to revoke defendant's probation was filed on June 17, 2019, alleging he violated the Sex Offender Registration Act (case No. 19-CF-1017). 730 ILCS 150/1 *et seq.* (West 2022). Defendant was convicted of this offense on August 14, 2019.

---

Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)), has been referred to as the "Pretrial Fairness Act" and the "Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act"; however, neither title is official. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

Thereafter, defendant was convicted of attempt failure to register in case No. 19-CF-2319 on March 18, 2021. A petition to revoke probation was filed in all three cases on January 7, 2022, alleging that defendant failed to complete sex offender and drug and alcohol treatment, and he ingested non-prescribed Adderall before showing up to treatment. Overall, on August 21, 2023, defendant's probation was revoked, and he was sentenced to three years' imprisonment in case Nos. 18-CF-1653 and 19-CF-2017.

¶ 6     At a hearing on the State's petition on July 24, 2024, it discussed the timeline of defendant's criminal history relative to the present offenses and the police synopsis from this case was admitted into evidence. The police synopsis related that, on September 21, 2022, police met with Cathy Berry who reported that, a few years prior, her son, defendant, inappropriately touched her step-grandson, R.M.S. On September 27, 2022, R.M.S. was interviewed and recalled that, when he was eight years old, defendant climbed into bed with him and began touching him. R.M.S. awoke to defendant touching him all over his body, including putting his hands under R.M.S.'s boxers and touching his penis. R.M.S. also recalled another time, five to six years prior, when he awoke to defendant touching him all over his body. Police attempted to interview defendant about the allegations, however, he refused to speak with police.

¶ 7     In argument, defense counsel asserted that defendant would be put on mandatory supervised release (MSR) on December 4, 2024, and the court should consider that defendant would not pose a danger to anyone for at least five months. Defendant had employment lined up and would either reside at Hesed House or at Hansen Motel. Additionally, defendant had gone nearly eight years without allegations of any sexual misconduct, even while on release.

¶ 8     In response, the State argued that the proof was evident and presumption great that defendant committed detainable offenses. Additionally, the State asserted that defendant posed a

threat to R.M.S. and, more importantly, the community. The State opined that defendant's actions evinced a propensity to commit sexual-based offenses when he had access to minors. The State recognized that defendant was presently incarcerated but noted that he would be released shortly onto MSR and would, again, have access to minors. The State noted that there were no circumstances that would ensure the protections of minors in the community as any child, anywhere, could become accessible to defendant and GPS and electronic home monitoring (EHM) would not prevent defendant's ability to access children.

¶ 9 Based on the verified petition, proffered evidence, and defendant's incarceration status, the circuit court ordered defendant's release. The court found that the proof was evident and presumption great that defendant committed detainable offenses. The court also found that defendant posed a real and present threat to R.M.S. and the community. However, shortly after making this finding, the court stated that it could not find that defendant was a *present* threat or that there were no conditions that could mitigate the real and *present* threat defendant posed at the time of his hearing, because he was presently incarcerated and, thus, had no access to children. However, it also opined, "I think that if this case was heard prior to his out date, that the outcome would be different, but the court is not allowed to look at that."

¶ 10 On August 21, 2024, the State filed a motion for relief (Ill. S. Ct. R. 604(h)(2) (eff. April 15, 2024)), requesting defendant's continued detention. The State challenged the circuit court's ruling that it could not find "defendant was a 'present' threat to any person, persons, or the community." In sum, the State asserted that the "present" threat defendant posed was not measured at the very moment of the detention hearing; rather, the court should have considered "present" to mean during the pendency of any pretrial proceedings.

¶ 11 On September 25, 2024, the court heard the State's motion for relief. The State reargued its points made in the motion, noted that, without adopting its definition of "present," the State could not move to detain defendant again until he violated the terms of his release, and asked the court to order defendant's continued detention. In response, defendant argued that the State failed to cite any authority to support its position, thus, the court should adopt its previous decision. However, if the court agreed with the State, defendant, alternatively, asserted that he should remain on release and conditions should be set, because he was on release for most of 2016 until August 2018 and from May 2019 to June 2023, all without any allegation that he touched children. Thus, defendant's history supported that he was not a present threat to R.M.S. or the community.

¶ 12 After reviewing the facts of the case, the transcript from the initial detention hearing, the State's motion, and arguments of the parties, the circuit court granted the State's motion for relief. The court found that the initial finding that the proof was evident and presumption great that defendant committed the detained offenses was proper. As to the State's second burden, the court also found that defendant posed a real and present threat to R.M.S. and the community. Concerning the last prong, the court found that no conditions of release would mitigate the real and present threat posed to R.M.S. and the community, because defendant had shown that he was not likely to follow court orders, as evinced by his four recent probation violations that eventually led to his incarceration. In particular, the court noted that GPS monitoring and EHM were not viable, because defendant's past actions showed he was unlikely to follow court orders.

¶ 13 On September 27, 2024, defendant filed a motion for relief, requesting release with conditions. Defendant argued, *inter alia*, that, since there were no allegations against him of wrongdoing in the last eight years and since he has no children, the condition of a no-contact order with children would be effective at mitigating his risk to R.M.S. and the community.

¶ 14 On November 7, 2024, the court heard defendant's motion for relief. Defendant reargued his points laid out in his brief. In response, the State argued that defendant would be released relatively soon on MSR, thus, he was a present threat to R.M.S. and children in the community. Moreover, R.M.S. still lived in the same home where the alleged conduct occurred and, as a minor, he could not move out. Furthermore, a no-contact order and EHM would not sufficiently mitigate defendant's risk to R.M.S. and the community, because "it would be difficult for the Court to monitor []" and EHM would show only where defendant was, not who he was with.

¶ 15 After reviewing the police synopsis, defendant's motion, and the arguments of the parties, the court denied defendant's motion for relief. As it related to conditions of release, the court found that no conditions would mitigate the threat defendant posed to R.M.S. and the community, because defendant's past behavior violating the terms of his probation and collecting two new offenses showed that he was unlikely to comply with EHM or GPS monitoring.

¶ 16 On November 7, 2024, defendant timely appealed, using the form notice promulgated under Illinois Supreme Court Rule 606(d) (eff. Oct. 19, 2023). On December 20, 2024, defendant filed a memorandum in support of his appeal, and, on January 13, 2025, the State responded.

¶ 17                                   II. ANALYSIS

¶ 18 On appeal, defendant argues that the circuit court erred in finding that the State had proven that no conditions or combination of conditions could mitigate the threat posed by his release. Defendant requests that we reverse his detention order and remand this cause for a conditions-of-release hearing. We affirm.

¶ 19 The Act amended the Code by abolishing traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). Section 110-6.1(e) of the Code presumes that all persons charged with an offense are

eligible for pretrial release. *Id.* § 110-6.1(e). However, a defendant's pretrial release may be denied if he or she commits a qualifying offense. *Id.* §§ 110-2(a), 110-6.1. Upon filing a timely verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that: the proof is evident or the presumption great that the defendant has committed a detainable offense (*id.* § 110-6.1(e)(1)), the defendant's pretrial release poses a real and present threat to the safety of any person or the community (*id.* §§ 110-6.1(a)(1)-(7), (e)(2)), and less restrictive conditions would not avoid the real and present threat to the safety of any person or the community (*id.* § 110-6.1(e)). "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74.

¶ 20    If the circuit court finds that the State proved a real and present threat to the safety of any person or the community, it must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* § 110-5(a). However, if the court determines that the defendant should be detained, the court must make written findings summarizing the reasons for detention, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or the community based on the specific articulable facts of the case. *Id.* § 110-6.1(h)(1).

¶ 21    We review defendant's arguments under a bifurcated standard of review: the court's factual determinations are reviewed to determine whether they are against the manifest weight of the evidence, and the court's ultimate determination regarding denial of pretrial release is reviewed for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A decision is against the manifest weight of the evidence where the court's determination is unreasonable. *Id.* Likewise,

an abuse of discretion occurs when the court's decision is unreasonable. *Id*. "[W]e consider not just whether the ultimate result is within the bounds of reason, but also whether the trial court applied proper criteria to reach that result." *People v. Atterberry*, 2023 IL App (4th) 231028, ¶ 12 (citing *Paul v. Gerald Adelman & Associates, Ltd*., 223 Ill. 2d 85, 99 (2006)).

¶ 22    In addition to any conditions imposed by the court for purposes of pretrial release, defendant notes that, as a condition of MSR, he would be required to: adhere to the law, not possess a firearm or other dangerous weapon, report to an agent of the Department of Corrections (DOC), and permit the DOC agent to visit him at home, work, or elsewhere for the necessary discharge of the agent's duties. 730 ILCS 5/3-3-7(a)(1-4)(2022). Defendant would also be required to consent to the search of his or her person, property, or residence, and be fitted with an electronic monitoring device. *Id*. § 3-3-7(a)(7.7), (10). Based on this, defendant alleges that the State failed to prove that the potential conditions of pretrial release, coupled with the conditions of MSR, would fail to mitigate any threat he posed to R.M.S. or the community.

¶ 23    We conclude the circuit court's finding that there was no combination of conditions that would mitigate defendant's threat to R.M.S. and the community was not an abuse of discretion. When making its conditions finding, the court here did consider, in effect, the combination of the terms of MSR and pretrial release, because they significantly overlap. The court explicitly considered EHM and GPS monitoring as conditions of release and implicitly considered defendant's request for a no-contact order. Nonetheless, the court reasonably rejected these conditions, because defendant had a history of violating court orders, even conditions of release, and his history indicated that he was unlikely to follow any future orders of the court. In fact, defendant accumulated two new charges and several petitions to revoke probation while on release between 2016 and 2023. Based on this reasoning, the court did not believe that any of its orders or

more restrictive conditions (like EHM or GPS monitoring) sufficiently mitigated defendant's threat posed to R.M.S. and the community because defendant showed he simply would not comply with any orders. This finding was reasonable. See *People v. Bueno*, 2024 IL App (2d) 240053, ¶ 13 (finding that "the court is tasked with considering not just whether conditions short of detention exist, but also whether a defendant is likely to *comply* with them.") (Emphasis in original.).

¶ 24 While the court did not expressly discuss defendant's proposed additional conditions—"to attend treatment, report to a court services officer, and follow all the conditions of mandatory supervised release"—the court's rationale was still reasonable and appropriate. The State is not required to specifically address every conceivable condition or combination of conditions for release and argue why each condition does not apply. *People v. Mikolaitis*, 2024 IL 130693, ¶ 20. Similarly, the court is not required to consider every conceivable condition of release; instead, the "court [] must ultimately consider all it has heard and, if ordering detention, make written findings explaining 'why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community.' " *People v. Johnson*, 2024 IL App (3d) 240180, ¶ 14 (quoting 725 ILCS 5/110-6.1(h)(1) (West 2022)). This is precisely what the court here did. While the court did not expressly address the proposed conditions defendant now identifies on appeal, the court did consider the conditions proffered at the hearing by the parties and, reasonably, determined that no combination of conditions would mitigate the real and present threat defendant posed, because defendant's behavior showed that he was unlikely to comply with any court order, let alone the newly-proposed conditions. Furthermore, the court's findings reasonably addressed the foundation of defendant's proposed conditions and why they do not mitigate defendant's threat of harm. Defendant asserts that three proposed court orders, combined with the conditions of MSR, would mitigate his risk to R.M.S. and the community; however, these conditions require defendant

to adhere to orders of the court, which the court reasonably concluded he would not do. It is illogical, then, to believe that defendant would adhere to these additional conditions when the court did not "have any faith" that defendant would comply with any order of the court.

¶ 25  In summary, the circuit court's decision to grant the State's petition to deny defendant pretrial release was not an abuse of discretion.

¶ 26                                    III. CONCLUSION

¶ 27  For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 28  Affirmed.