**2025 IL 130866**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 130866)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
ANTONIO COUSINS JR., Appellant.

*Opinion filed May 22, 2025.*

JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Neville, Overstreet, Cunningham, Rochford, and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Antonio Cousins Jr., appealed the circuit court of Peoria County's order denying him pretrial release pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1 (West 2022)), as amended by Public Acts 101-652, § 10-255, and 102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). The Appellate Court, Fourth District,

found the circuit court erred in detaining defendant and remanded for a new detention hearing. 2024 IL App (4th) 240388-U, ¶ 21.

¶ 2 Now on appeal, defendant argues that, when a court of review finds the State failed to meet its burden of proof as to one of the elements pertaining to pretrial detention, the sole remedy is to remand for a hearing on the least restrictive conditions of release that will reasonably ensure the defendant's appearance in court and the safety of the community. For the following reasons, we affirm in part, reverse in part, and remand with directions.

¶ 3                                      I. BACKGROUND

¶ 4 On December 28, 2021, the State charged defendant in Peoria County case No. 21-CF-834 with single counts of aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2020)) and unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)).

¶ 5 On the same date, the State also charged defendant in Peoria County case No. 21-CF-835 with single counts of being an armed habitual criminal (*id.* § 24-1.7(a)), unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)), and unlawful possession of firearm ammunition by a felon (*id.*). Defendant remained in custody following his bond being set at $150,000.

¶ 6 Defendant waived his right to counsel in November 2023 and proceeded *pro se*. On December 19, 2023, defendant filed several motions, including to dismiss the indictments, exclude the use of his prior convictions, suppress evidence, and sanction the State for discovery violations. Also, in each case, defendant filed *pro se* motions for pretrial release pursuant to the Act.

¶ 7 In response, the State filed petitions to deny pretrial release utilizing a preprinted form. By checking boxes on the form, the State asserted that defendant was charged with aggravated discharge of a firearm, being an armed habitual criminal, and nonprobationable violations, *i.e.*, unlawful use or possession of a weapon by felon, and that his pretrial release posed a real and present threat to the safety of any person or persons in the community. The State also checked the box to contend defendant had a high likelihood of willful flight to avoid prosecution.

¶ 8    The hearings on defendant's *pro se* motions began on February 27, 2024. Given his prior waiver of counsel, defendant represented himself, while an assistant state's attorney appeared on behalf of the State. We note the hearings that took place in this matter are best described as unconventional. Specifically, the hearings lacked the formality and structure customarily associated with court proceedings. During the hearings, the circuit court proceeded in a manner that can be characterized as both conversational and bantering. The court discussed the motions with defendant, and the prosecutor indicated his opposition to several motions and articulated his objections. In response to the court's statements, the prosecutor suggested the court not proceed on the motion to suppress based on the supposed readiness of defendant. When the court decided to proceed in part on the suppression motion and asked the prosecutor if he had any evidence, the prosecutor noted it was defendant's motion and defendant was to proceed first. The prosecutor also suggested the court take a portion of defendant's motion *in limine* under advisement, saying it need not be resolved at that point, and he later asked to make a record regarding discovery.

¶ 9    When the circuit court began discussing defendant's motions for pretrial release, a discrepancy arose as to the number of times defendant previously failed to appear. The court continued the hearing until February 29 to resolve the question, and it was ultimately determined defendant had one failure to appear.

¶ 10    In regard to defendant's motions for pretrial release, the circuit court referenced the pretrial services bond report, which was completed in December 2021. The report indicated defendant was unemployed and received his GED while in the Peoria County Jail in 2014. According to the Revised Virginia Pretrial Risk Assessment Instrument, defendant scored a risk of "9" for pretrial misconduct out of a range of 0 to 14. He had a "93% probability" to appear for all future court hearings and a "90% probability" of no new offenses. The report listed his level of risk as "high," and based on that risk, he was deemed not appropriate for pretrial supervision.

¶ 11    If granted pretrial release, defendant indicated he would get a job and enroll in school to become an accountant and an auto mechanic. After defendant asked the circuit court to give him "a second chance" to better himself, the court stated, in part, as follows:

"Well, there is that phrase 'second chance.' Someone with three priors should be asking at a minimum for a fourth chance. Nobody asks for fourth chances. When have you ever heard anybody—I'm asking anybody in this whole courtroom, when have you ever heard of someone asking for a fourth chance? I bet you all would say zero because that doesn't sound very good. Second chance, oh, come on, everybody deserves a second chance. Well, your second chance was three chances ago, which doesn't mean you get denied. I haven't gotten to that part yet."

¶ 12 Upon questioning by the circuit court, the prosecutor noted defendant had one prior conviction for residential burglary (2010) and two prior convictions for unlawful possession of a weapon by a felon (2014 and 2016). Defendant acknowledged those three convictions and said he "made a lot of bad choices in the past."

¶ 13 The circuit court told defendant he did not "sound like a good risk." Defendant again stated he had his GED and wanted to be released to focus on bettering his life. He wanted to finish his education, first in accounting and then as a mechanic. He told the court he was not a flight risk and would appear at all of his court dates.

¶ 14 Before ruling on defendant's motions for pretrial release, the circuit court asked the prosecutor if he had any outstanding motions. The prosecutor indicated he had a motion to obtain defendant's fingerprints, which the court granted over defendant's objection.

¶ 15 The circuit court then returned to the issue of pretrial release and stated as follows:

"You've got three prior felony convictions. If you get convicted on any of these, you go to prison. Probation is not an option. You have reason to flee.

Now you've got two unlawful possession of a weapon priors, excuse me, unlawful possession of a weapon by a felon prior convictions and that is part of the current charges. Included in the current charges are a claim that you're an armed habitual criminal. And a claim of unlawful discharge of a firearm. These are explosive—and no pun intended. These are explosive charges where like I said ten minutes ago if you get out people are gonna say who is the idiot judge

- 4 -

who let him out with all those circumstances being there? Of course, he is a flight risk. Probation not being an option, and, with his past and with his current charges pretty much matching his past convictions.

Now he has failed to appear in court before. Now—

\*\*\*

\*\*\* You are charged with the offenses that qualify for pre-trial detention. In other words, these are detainable offenses. I'm granting the State's verified petition to deny defendant pre-trial release."

¶ 16 On the circuit court's preprinted order for detention, the court checked the box next to "Dangerousness Standard," indicating the court found by clear and convincing evidence that "the proof is evident or the presumption great that the defendant has committed a qualifying offense," "defendant poses a real and present threat to the safety of any person or persons or the community," and "no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons." The form contained no written findings.

¶ 17 Defendant appealed, challenging the order denying him pretrial release. 2024 IL App (4th) 240388-U, ¶ 15. In his supporting memorandum, defendant argued the State failed to meet its burden of proving no condition or combination of conditions could mitigate the threat. *Id.* ¶ 16. He stated the circuit court also neglected to address this element. *Id.* While the State did not directly address defendant's assertion that the conditions element was not proved or sufficiently found, it contended the circuit court's detention decision was supported by the record. *Id.*

¶ 18 The appellate court agreed with defendant. *Id.* ¶ 17. Noting defendant's *pro se* status, the court found "the detention hearing proceeded in a nontraditional manner." *Id.*

"The court questioned defendant as he proceeded, disputing defendant's contentions. The State did not make a proffer or argument on the matter of defendant's detention. Instead, the court, in between questions to defendant, asked the State for information on defendant's criminal history and on the history of the case. In addition, the court, mid-detention hearing, granted the

State's motion for fingerprint testing. As no argument was made by the State, we are left with the State's petition, in which the State also did not assert no condition or combination of conditions can mitigate the threat. At no point was this issue of conditions raised by the State or addressed by the trial court. The court's lone mention of the factor is the checking of the box next to 'Dangerousness Standard' on the preprinted form, under which is a finding the conditions element was satisfied.

While the evidence may have been sufficient to find no condition or combination of conditions can mitigate the threat, 'we cannot supply the missing conclusion.' [Citation.]" *Id.* ¶¶ 17-18.

¶ 19 The appellate court stated that, while in certain circumstances a checked box on a preprinted form may be sufficient to prove the circuit court considered the appropriate factor, here it was not sufficient, "as no mention of pretrial-release conditions was made in the verified petition or at the hearing." *Id.* ¶ 18. The court also stated the box checked by the circuit court "was one for the entire 'Dangerousness Standard' generally and not for the conditions element specifically." *Id.*

¶ 20 The Fourth District concluded the circuit court abused its discretion in detaining defendant. *Id.* The court reversed the order denying defendant's pretrial release and remanded for the circuit court to set a new detention hearing, at which the State could present evidence and the circuit court could make the requisite findings. *Id.* ¶ 21.

¶ 21 Defendant filed a petition for rehearing, arguing that, where the State failed to meet its burden of proof, the proper remedy was remand for a hearing on conditions of release, rather than a second detention hearing. The appellate court denied the petition.

¶ 22 This court granted defendant's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Dec. 7, 2023).

¶ 23                                    II. ANALYSIS

¶ 24        Defendant argues that, when the State fails to meet its burden to overcome the presumption of release under the Act, the only remedy that will effectuate the legislative intent of the Act is a hearing on the least restrictive conditions of release. Under the facts of this case, we agree.

¶ 25        Under the Act, every person charged with an offense is presumed eligible for pretrial release. 725 ILCS 5/110-2(a), 6.1(e) (West 2022); *People v. Mikolaitis*, 2024 IL 130693, ¶ 16. To detain a defendant, the State must file a verified petition requesting the denial of pretrial release, and the circuit court shall hold a hearing on the petition. 725 ILCS 5/110-6.1(a) (West 2022). When seeking denial of pretrial release, the State bears the burden of proving by clear and convincing evidence that (1) the proof is evident or presumption great that the defendant committed a detainable offense (*id.* § 110-6.1(e)(1)); (2) the defendant poses a real and present threat to the safety of any person, persons, or the community, based on the specific, articulable facts of the case (*id.* § 110-6.1(e)(2)); and (3)

> "no condition or combination of conditions set forth in subsection (b) of Section 110-10 of this Article can mitigate (i) the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, for offenses listed in paragraphs (1) through (7) of subsection (a), or (ii) the defendant's willful flight for offenses listed in paragraph (8) of subsection (a)" (*id.* § 110-6.1(e)(3)).

In any order of detention, the circuit court is required to "make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons." *Id.* § 110-6.1(h)(1). "If the State fails to carry its burden on any of these three facts, the presumption of release remains, and detention is unlawful." *People v. Sorrentino*, 2024 IL App (1st) 232363, ¶ 32 (citing 725 ILCS 5/110-6.1(e) (West 2022)).

¶ 26        Whether the Act permits the appellate court, after reversing a detention order, to remand for a new detention hearing is a question of law that we review *de novo*. See *People v. Clark*, 2024 IL 130364, ¶ 15; see also *People v. Webster*, 2023 IL

128428, ¶ 16 (determining the basis of the appellate court's reversal of the circuit court order is subject to *de novo* review).

¶ 27  In this case, following the filing of defendant's *pro se* motions for pretrial release, the State filed petitions to deny release. In its preprinted form, the State contended pretrial release should be denied and checked the boxes to indicate defendant was charged with aggravated discharge of a firearm, being an armed habitual criminal, and nonprobationable violations and that his release posed a real and present threat to the safety of any person or the community. The State also checked the box to allege defendant had a high likelihood of willful flight to avoid prosecution and was charged with a listed felony offense. The form did not provide a box with the option to allege that no condition or combination of conditions could mitigate the threat his release posed, and the State did not add that allegation.

¶ 28  At the detention hearing, the State made no proffer or argument on the conditions element, and the circuit court did not address the issue. The court's preprinted order for detention has a box checked for the "Dangerousness Standard," which mentions the conditions factor, but no written findings were added.

¶ 29  On appeal to the appellate court, defendant argued, in part, the State did not meet its burden of proving no condition or combination of conditions could mitigate the threat. The appellate court agreed with defendant, finding that "[a]t no point was this issue of conditions raised by the State or addressed by the trial court." 2024 IL App (4th) 240388-U, ¶ 17. While noting a checked box on a preprinted form may be sufficient to prove the circuit court considered the appropriate factors, the court found it insufficient in this case because no mention of pretrial-release conditions was made in the State's petition or at the hearing and the box checked for the "Dangerousness Standard" was generic in nature and not for the conditions element specifically. *Id.* ¶ 18.

¶ 30  We agree with the appellate court's holding on this issue. Although the State is not required to specifically address every conceivable condition or combination of conditions and argue why each condition does not apply, the State must still present sufficient evidence to allow the circuit court to determine whether pretrial release is appropriate. *Mikolaitis*, 2024 IL 130693, ¶ 20. We find any such evidence lacking here. In its brief to this court, the State does not argue it presented sufficient

evidence at the detention hearing, and it does not identify any evidence the circuit court could have found supportive of the conditions element.

¶ 31      While the State, on being questioned at oral argument, suggested sufficient evidence was presented to justify detention, including the pretrial services report, defendant's prior criminal history, and the allegations in the charged offenses, we find this argument forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (stating points not argued are forfeited and may not be raised in oral argument); *People v. Thomas*, 164 Ill. 2d 410, 422 (1995). By choosing not to argue in its brief to this court that the evidence was sufficient, the State deprived defendant of an opportunity to respond in his reply brief. Thus, we decline to consider the State's argument.

¶ 32      In attempting to explain the lack of evidence, the State highlights the detention hearing took place in a "nontraditional manner," as described by the appellate court, and argues neither the State nor defendant was given a meaningful opportunity to present their evidence and argument to the circuit court. It then latches on to the appellate court's statement that the "evidence may have been sufficient to find no condition or combination of conditions can mitigate the threat" but that the court could not supply the missing conclusion. See 2024 IL App (4th) 240388-U, ¶ 18. The State argues the court's decision to remand for a new detention hearing was therefore appropriate.

¶ 33      We disagree. Lacking from the record is any indication the State was prevented from putting forth evidence or argument at the detention hearing, a fact the State conceded at oral argument. The hearing took place over the course of two days, during which the prosecutor responded to and interjected on the circuit court's questions and statements and made suggestions on several motions. He even asked to make a record as to evidence provided in discovery. Contrary to the State's argument to this court, the State had multiple opportunities over those two days to make known its reasons to justify pretrial detention. It should also be noted that the State's memorandum to the appellate court indicated the circuit court conducted a full hearing and both the State and defendant were given the opportunity to present evidence and argument. By failing to present clear and convincing evidence on the conditions element, the State failed to satisfy its burden in seeking to deny pretrial release.

¶ 34 With this in mind, the question then becomes the appropriate remedy. Defendant argues that, when a court of review finds the State failed to satisfy its burden in seeking pretrial detention, the remedy is to remand to the circuit court for a hearing on the least restrictive conditions of release. The State, at the very least, acknowledges remand for a second detention hearing would be inappropriate in such circumstances. The appellate court remanded for a new detention hearing, where the State could present evidence and the circuit court could make the requisite findings. Under the factual circumstances presented here, we disagree with the appellate court's remedy.

¶ 35 Had the State's evidence been sufficient to satisfy its burden but the circuit court's ruling unclear, a remand for clarification might be in order. Also, in the event the circuit court's handling of the hearing prevents the State from presenting its case for detention, remand for a new detention hearing could be justified. However, where the State failed to meet its burden and does not argue it was prevented from presenting evidence or argument, remand for a new detention hearing would constitute an improper second bite at the apple for the State. Fundamentally, providing a second hearing would present little incentive for the State to meet its burden and would subvert the purpose of the Act.

¶ 36 Instead, the State's failure to satisfy its burden is as if no petition to detain had been filed, and the presumption of release applies. Thus, the remedy is to remand for a hearing on the conditions of release. At such time, the circuit court shall impose the mandatory conditions required by the Act and may impose additional conditions at its discretion to ensure the appearance of defendant and the safety of the community. See 725 ILCS 5/110-5(c), 10 (West 2022); *Sorrentino*, 2024 IL App (1st) 232363, ¶¶ 42, 44.

¶ 37 III. CONCLUSION

¶ 38 For the foregoing reasons, we affirm in part and reverse in part the appellate court's judgment. We remand the cause to the circuit court for a hearing on the least restrictive conditions of release.

¶ 39 Appellate court judgment affirmed in part and reversed in part.

¶ 40        Cause remanded with directions.