NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240462-UB

NO. 4-24-0462

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 4, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| WILNER JEANPIERRE, | ) | No. 23CF506 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Rudolph M. Braud Jr. |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HARRIS delivered the judgment of the court.
Justices Zenoff and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court erred in granting the State's petition to deny defendant pretrial release where the State failed to prove by clear and convincing evidence no conditions of release could mitigate the threat of his dangerousness.

¶ 2    Defendant, Wilner Jeanpierre, appealed the trial court's order denying him pretrial release pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)), as amended by Public Acts 101-652, § 10-255, and 102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). This court found the trial court erred in detaining defendant without addressing potential conditions of release and remanded for a new detention hearing. The supreme court subsequently entered a supervisory order directing this court to vacate its judgment and consider the effect of *People v. Cousins*, 2025 IL 130866, on the issue of whether the trial court should conduct a new detention hearing on remand or a hearing on the conditions of release. *People v. Jeanpierre*, No. 130879 (Ill. June

4, 2025) (supervisory order). For the reasons discussed below, we find the appropriate remedy is to remand for the trial court to conduct a hearing on the conditions of release.

¶ 3                                    I. BACKGROUND

¶ 4             In June 2023, defendant, Wilner Jeanpierre, was charged with four counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2022)) and three counts of criminal sexual assault (*id.* § 11-1.20(a)(3)). He was arrested, and the trial court set his bond at $500,000. Defendant was unable to pay the bond and remained in pretrial custody.

¶ 5             On November 3, 2023, defendant filed a "Motion for Hearing" pursuant to section 110-7.5(b) of the Code (725 ILCS 5/110-7.5(b) (West 2022)) "to determine appropriate pretrial conditions" of release. Defendant indicated in the motion that if he were to be released on bail, he could live with a family friend in Springfield, Illinois, or, if approved by the court, with his mother in Indianapolis, Indiana.

¶ 6             On December 6, 2023, the State filed a petition to deny pretrial release based on the dangerousness standard. The State provided the following factual basis in its petition:

            "On or about June 15, 2023, members of the Chatham Police Department
            were notified that [defendant] has inappropriately touched his 11 year old
            daughter. The 11 year old step daughter was visibly upset and disclosed
            [defendant's] inappropriate touching to her sisters. The sisters (18 and 17) who
            were independently suffering with [defendant] assaulting them on previous
            occasions then realized that all of them had been assaulted by the defendant. The
            Chatham Police Department conducted an investigation through the Sangamon
            County [Child Advocacy Center]. The 18 year old disclosed inappropriate
            touching by the defendant since she was 14 and penetration by the defendant

- 2 -

since she was 16. The 17 year old disclosed penetration 2-3 times per week for the past year. The 11 year old disclosed that the defendant touche[d] her breasts and genitals with his hands on one occasion right before the disclosure. The 18 year old recorded the defendant admitting the sexual relationship and text messages also indicate a sexual relationship."

The State also filed a pretrial investigation report. According to the report, defendant had no criminal history, reported he could live with his cousin if he was not allowed to return to his residence, and scored a 3 on the Virginia Pretrial Risk Assessment Instrument-Revised (VPRAI), which placed him "at a low-moderate risk level."

¶ 7 On February 29, 2024, the trial court conducted a hearing on the State's petition to deny defendant pretrial release. The State proffered the factual basis from its petition. It also introduced the probable cause statement for defendant's arrest, which indicated the 18-year-old victim had video recordings and text messages in which defendant admitted to engaging in sexual conduct with her. In addressing potential conditions of release, the State argued "that based on the specific nature of the facts in this cause," "there is no condition or combination of conditions that would keep these children safe, or any child within our community as well, based on the behavior and conduct of [defendant]." The State maintained that neither electronic monitoring nor home confinement could mitigate the threat defendant posed because "all these crimes did occur within the home." The State concluded by asserting that "based on the totality of this cause, the facts within, and also the types of conditions that this Court can put in place, there are no conditions *** that would keep these children specifically or the community safe."

¶ 8 Defendant acknowledged he had been charged with a detainable offense, and he made no argument challenging his dangerousness. Instead, he argued conditions of release could

be imposed to mitigate the threat he posed. In support of his argument, defendant noted that he had no criminal history and scored a 3 on the VPRAI. The score placed him at "risk level 2" out of 6 risk levels. Defendant introduced the VPRAI Instruction Manual into evidence as an exhibit. He noted that the manual recommended pretrial release for level 2 offenders. He suggested the court place him on the strictest level of pretrial supervision provided for in the VPRAI. This level of supervision included a reminder for every court date, a "criminal history check before every court date," "face-to-face contact every week," and "special condition compliance verification." With respect to the special conditions of release the court could impose, defendant suggested that the court could order him to "obtain a sex offender evaluation and commence any recommended treatment" and order him to comply with the two-year order of protection entered in his divorce proceedings that prohibited him from having contact with the three alleged victims in this case. Defendant indicated he would also agree to any additional conditions of release the court deemed necessary to mitigate the threat of his dangerousness. Defendant concluded his argument by noting the alleged conduct "happened within the confines of his family," the victims were "protected by that order of protection," and there was "not an allegation that any other member of the community has ever been either threatened or is subject to be threatened" by him.

¶ 9        In response to defendant's argument, the State conceded that the alleged conduct involved "a crime of opportunity for the children within his home." Nonetheless, the State asserted the order of protection could not mitigate the threat posed by defendant's release due to "the inherent nature that the piece of paper that an order of protection is, is as much." The State argued that "[b]ased on the particular nature of this offense, *** there are no conditions or combination of conditions that would keep these children safe from [defendant] or the

community other than for his detention." Defendant countered the State's position by noting the State was merely arguing he should be detained "based upon the nature of the offense," which was not permitted under the statute.

¶ 10        Following the parties' arguments, the trial court found the State had proven the allegations in its petition by clear and convincing evidence and granted its petition to deny defendant pretrial release. The court provided the following reasoning in open court:

"The verified petition that the state has filed is in compliance with the statute. You are charged with a detainable offense[ ]. The Court has considered the written pleading by the state, arguments in support, arguments by your counsel against and in favor of your pretrial release. I am specifically finding that the state has met their burden with respect to this petition by clear and convincing evidence based on the following: I need to be specific with my findings. The proffer contained in the petition, the verbiage used, the allegations of the potential alleged criminal activity ***. You're presumed innocent of the charges as you sit here today. ***

*** 

Based on [the VPRAI], the probable cause statement, I do find, specifically, based on the aforementioned, that there is no single condition or set of conditions that could be implemented to mitigate the threat or safety for the community at large. So I want to make sure that I'm crystal clear with my findings, the allegations, per the proffer, in addition to the probable cause statement."

¶ 11        The trial court also entered a written order. The form order contained a section for

the court to provide its reasoning for denying pretrial release. The nine reasons listed are the nine statutory factors a court is to consider when making a determination of dangerousness. See *id.* § 110-6.1(g). The trial court checked the boxes indicating it was basing its decision on (1) the nature and circumstances of the charged offenses, (2) the identity of the people to whom defendant posed a threat, and (3) statements made by defendant. The court did not provide any additional explanation as to why no conditions of pretrial release could mitigate the threat defendant posed.

¶ 12 Defendant appealed the trial court's order. This court reversed on the basis the trial court failed to address potential conditions of release and remanded for a new detention hearing. We allowed defendant's unopposed motion to stay the mandate while he appealed this court's order to the supreme court.

¶ 13 The supreme court ultimately entered a supervisory order denying defendant's petition for leave to appeal but directing this court to vacate its judgment and consider the effect of *Cousins* "on the issue of whether, upon remand to the circuit court, the circuit court should conduct a new hearing on the State's petition to deny pretrial release or conduct a hearing on the conditions of release, and determine if a different result is warranted." *Jeanpierre*, No. 130879 (Ill. June 4, 2025) (supervisory order). In *Cousins*, the supreme court held that when a court of review finds the State failed to satisfy its burden of proving pretrial detention is necessary, "the remedy is to remand for a hearing on the conditions of release. At such time, the circuit court shall impose the mandatory conditions required by the Act and may impose additional conditions at its discretion to ensure the appearance of defendant and the safety of the community." *Cousins*, 2025 IL 130866, ¶ 36.

¶ 14 II. ANALYSIS

¶ 15 On appeal, defendant argues the State failed to satisfy its burden of proving by clear and convincing evidence that no conditions of release could be imposed to mitigate his dangerousness and, as a result, the appropriate remedy is to remand for the trial court to conduct a hearing on the conditions of his release. "[W]hen the parties to a pretrial detention hearing proceed solely by proffer, the reviewing court is not bound by the circuit court's factual findings and may therefore conduct its own independent *de novo* review of the proffered evidence and evidence otherwise documentary in nature." *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 16 The Code provides that all criminal defendants are presumed eligible for pretrial release (725 ILCS 5/110-2(a), 6.1(e) (West 2022)). To overcome the statutory presumption and detain a defendant pretrial, the State bears the burden of proving by clear and convincing evidence, in pertinent part, the following three elements: (1) the proof is evident or the presumption great the defendant committed a detainable offense (*id.* § 110-6.1(e)(1)); (2) the defendant poses a real and present threat to the safety of any person or the community, based on the specific articulable facts of the case (*id.* § 110-6.1(e)(2)); and (3) "no condition or combination of conditions set forth in subsection (b) of Section 110-10 of this Article can mitigate *** the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case" (*id.* § 110-6.1(e)(3)). "If the State fails to carry its burden on any of these three facts, the presumption of release remains, and detention is unlawful." *People v. Sorrentino*, 2024 IL App (1st) 232363, ¶ 32 (citing 725 ILCS 5/110-6.1(e) (West 2022)).

¶ 17 Section 110-10(b) of the Code (725 ILCS 5/110-10(b) (West 2022)) sets forth a nonexhaustive list of permissible conditions a trial court may impose on a defendant's pretrial release. Those conditions include that the defendant: (1) "[r]efrain from approaching or

communicating with particular persons or classes of persons" (*id.* § 110-10(b)(3)); (2) "[r]efrain from going to certain described geographic areas or premises" (*id.* § 110-10(b)(4)); (3) "[b]e placed under direct supervision of the Pretrial Services Agency, Probation Department or Court Services Department in a pretrial home supervision capacity" (*id.* § 110-10(b)(5)); and (4) "[c]omply with the terms and conditions of an order of protection" (*id.* § 110-10(b)(7)). Section 110-10 further provides that when a defendant has been charged with, in part, predatory criminal sexual assault of a child or criminal sexual assault, the court "shall impose conditions to restrict the defendant's access to the victim which may include, but are not limited to conditions that he will" "[v]acate the household" and "[r]efrain from contact or communication with the child victim." *Id.* § 110-10(c). The Code states that decisions regarding release and conditions of release "must be individualized, and no single factor or standard may be used exclusively to order detention." *Id.* § 110-6.1(f)(7).

¶ 18          Here, the State's detention petition consisted of a preprinted form with checked boxes corresponding with certain provisions of the Code. The only assertions by the State specific to defendant consisted of the factual basis quoted above, in its entirety. The factual basis related solely to the nature and circumstances of the charged offenses. The State also filed a pretrial investigation report, which indicated defendant had no criminal history and scored a 3 on the VPRAI, which placed him "at a low-moderate risk level." At the detention hearing, the State conceded that "[t]his does appear to be, for [defendant], a crime of opportunity for the children within his home." Nonetheless, the State argued that "based on the specific nature of the facts in this cause," "there is no condition or combination of conditions that would keep these children safe, or any child within our community as well, based on the behavior and conduct of [defendant]." The State asserted that neither electronic monitoring nor home confinement could

be imposed as conditions of release because "all these crimes did occur within the home." The State also argued that the condition defendant be ordered to comply with the order of protection prohibiting him from having contact with the victims and their mother could not mitigate the danger he posed due to "the inherent nature that the piece of paper that an order of protection is, is as much."

¶ 19 We agree with defendant that the State failed to satisfy its burden of proving by clear and convincing evidence that no conditions of pretrial release could be imposed to mitigate the threat he posed to any persons or the community. It appears the State relied exclusively on the nature and circumstances of the charged offenses, as set forth in its factual basis and probable cause statement, in arguing that no conditions could mitigate the threat posed by defendant. The State did not present any evidence beyond the nature and circumstances of the alleged conduct demonstrating defendant, based on his individual background and characteristics, was likely to violate any condition imposed by the court. See *People v. Stock*, 2023 IL App (1st) 231753, ¶ 19 (finding the State's reliance "on its factual proffer about the allegations *** did nothing to establish that no combination of conditions could mitigate the threat"); see also 725 ILCS 5/110-6.1(f)(7) (West 2022) ("[N]o single factor or standard may be used exclusively to order detention."). Indeed, the evidence showed defendant had no criminal history and the VPRAI placed him at a "low-moderate risk level."

¶ 20 In addressing possible conditions of release, the State dismissed the efficacy of an order of protection due to it being nothing more than a "piece of paper," and it briefly discussed home confinement and electronic monitoring. However, the State offered no explanation as to why electronic monitoring could not be imposed as a condition of release, nor did it explain why home confinement could not be ordered at a different residence. The State did not address any of

the other conditions the trial court could have imposed pursuant to section 110-10(b) of the Code, such as ordering that defendant: (1) "[r]efrain from approaching or communicating with particular persons or classes of persons" (725 ILCS 5/110-10(b)(3) (West 2022)); (2) "[r]efrain from going to certain described geographic areas or premises" (*id.* § 110-10(b)(4)); or (3) "[b]e placed under direct supervision of the Pretrial Services Agency, Probation Department or Court Services Department in a pretrial home supervision capacity with or without the use of an approved electronic monitoring device" (*id.* § 110-10(b)(5)). See *Cousins*, 2025 IL 130866, ¶ 30 ("Although the State is not required to specifically address every conceivable condition or combination of conditions and argue why each condition does not apply, the State must still present sufficient evidence to allow the circuit court to determine whether pretrial release is appropriate.").

¶ 21      Accordingly, because the State did not present any evidence to justify detention beyond the nature and circumstances of the charged offenses, we find it failed to satisfy its burden of proving by clear and convincing evidence that no conditions could be imposed to mitigate defendant's dangerousness. As a result, the trial court erred in granting the State's detention petition, and we remand for the court to conduct a hearing on the conditions of release. See *id.* ¶ 36.

¶ 22                                III. CONCLUSION

¶ 23      For the reasons stated, we reverse the trial court's judgment.

¶ 24      Reversed and remanded with directions.