2024 IL App (1st) 240494-U

SECOND DIVISION
June 5, 2024

No. 1-24-0494B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24110031501 |
| | ) | |
| TARIQ KING, | ) | Honorable |
| | ) | William N. Fahy, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE HOWSE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

ORDER

¶ 1    *Held*: The circuit court's order imposing electronic monitoring as a condition of defendant's pretrial release is affirmed. None of the trial court's factual findings were against the manifest weight of the evidence; and its conclusion that electronic monitoring was appropriate and was the least restrictive means of ensuring that the objectives of the Pretrial Fairness Act would be carried out was not an abuse of discretion.

¶ 2    Defendant Tariq King was arrested after police responded to a call about a domestic assault. The first time that officers went to the scene, defendant was not present. The police spoke to the victim and left. The police were then called to the address a second time about another assault that was in progress. Upon arriving at the scene the second time, the police witnessed defendant assaulting the victim. When the officers tried to separate defendant from the victim, defendant knocked away an officer's hand, and defendant shoved the officer in the chest

with both of his hands. When the officers then attempted to take defendant into custody, defendant punched a second officer in the side of the head in the temple area.

¶ 3   After arraignment and after hearing from the parties, the trial court decided to release defendant from custody pending trial with the condition of electronic monitoring. Defendant now appeals arguing that the trial court erred when it imposed electronic monitoring as a condition of his pretrial release. We affirm.

¶ 4                          BACKGROUND

¶ 5   On February 15, 2024, Chicago Police officers responded to 3918 W. Van Buren after receiving a call that defendant was assaulting Witness One. The State proffered that defendant had "a previous history at that location." When the officers arrived at the address, defendant was no longer present. The officers spoke to Witness One and learned that she and defendant have a child together. The officers left, but soon thereafter they were called to the address a second time. When the officers arrived at the scene for the second time, defendant was on scene and the officers witnessed him assaulting Witness One. At that time, Witness One was sitting inside her vehicle and defendant was standing outside the vehicle committing the assault.

¶ 6   The officers attempted to get between defendant and Witness One. Defendant was yelling and acting angry. Once the officers arrived at where defendant was standing and got between defendant and the vehicle, one of the responding officers saw defendant clenching his fist towards another officer. The officer who witnessed defendant clenching his fist reached for defendant's arm and attempted to get between defendant and the officer who defendant was looking at. Defendant swatted away the officer's hand and then shoved the officer in the chest with both hands.

¶ 7 The officers then decided to detain defendant and place him under arrest. During the officers' attempt to detain defendant, defendant punched a second officer in the side of the head in the temple area. The officers were subsequently able to take defendant into custody. The officers were all in uniform and they arrived at the scene in marked police vehicles. Defendant was charged with aggravated battery to a peace officer.

¶ 8 After being arraigned, the State informed the trial court about the State's version of the facts in the case, as set forth above. The State informed the trial court that defendant had a prior criminal conviction for possession of a controlled substance from 2015 for which he received two years of probation. A representative from Pretrial Services informed the trial court that defendant had been assessed, and that defendant scored a 2 on the criminal activity scale and a 2 on the failure to appear scale. The scores from Pretrial Services resulted in a recommendation from Pretrial Services for defendant to be released pending trial with his release to be accompanied by pretrial monitoring.

¶ 9 Defendant presented to the trial court that he was 27 years old at the time of the offense, and had completed his high school education. Defendant worked full time as a Pace bus driver, and he helped to support minor children. Defendant highlighted his low scores from Pretrial Services and his limited criminal background, and he asked the trial court to release him with the least restrictive conditions.

¶ 10 The trial court indicated that it had taken into account the mitigation presented by defendant. The trial court also indicated that it had taken into account "the statutory factors; the pretrial score, which is relatively low, a two and a two; [and] defendant's criminal history, which consists of one felony conviction for [a] nonviolent offense." The trial court, however, noted that it was considering the nature and circumstances of this particular case where defendant, for some

unknown reason, decided to become extremely violent with uniformed police officers who were trying to defuse a domestic violence situation between defendant and Witness One. The trial court indicated that defendant "really crossed a line here with law enforcement." The trial court expressed some skepticism about defendant complying with the terms of release, but indicated it would "give it a shot." The trial court ordered defendant released with electronic monitoring. The trial court stated that its decision to impose electronic monitoring was "based upon the totality of what [it] heard and the level of violence in this particular case" and the court explained that electronic monitoring is "necessary and [the] least restrictive [condition] to insure that the defendant appears in court and to insure that the defendant does not commit any other offenses." The trial court indicated that defendant would be permitted to work while on electronic monitoring, provided he submitted verification.

¶ 11    Defendant now appeals the order imposing the condition of electronic monitoring on his pretrial release. Defendant argues that the trial court failed to make the requisite findings to place him on electronic monitoring and that electronic monitoring was not the least restrictive condition that could achieve the statutory objectives.

¶ 12                                ANALYSIS

¶ 13    Under the Pretrial Fairness Act, a defendant is presumed to be eligible for pretrial release. 725 ILCS 5/110-2(a) (West Supp. 2023). When the State does not seek pretrial detention and a defendant is going to be released from custody pending trial, the trial court must determine which pretrial release conditions, if any, are needed to reasonably ensure the defendant's appearance in court or the safety of any other person or the community. *Id.* The trial court must also fashion the conditions of pretrial release in such a way as to ensure the defendant will comply with any such conditions. *Id.*

- 4 -

¶ 14 In reaching its determination about what conditions of pretrial release are appropriate, the trial court must consider matters such as: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the specific, real, and present threat to any person that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a) (West Supp. 2023). The conditions imposed on a defendant's pretrial release "shall be the least restrictive conditions or combination of conditions necessary to reasonably ensure the appearance of the defendant as required or the safety of any other person or persons or the community." 725 ILCS 5/110-5(c) (West Supp. 2023). The State has "the burden to prove by clear and convincing evidence that any condition of release is necessary." 725 ILCS 5/110-2(b) (West Supp. 2023).

¶ 15 There is currently some disagreement within our court about the appropriate standard of review in cases concerning the Pretrial Fairness Act when the court is reviewing the propriety of the trial court's decision on a petition for pretrial detention. See, e.g., *People v. Saucedo*, 2024 IL App (1st) 232020, ¶ 36; *Id.* at ¶ 67 (Ellis, J. specially concurring); see also *People v. Pitts*, 2024 IL App (1st) 232336, ¶¶ 16-20 (discussing the potential for treating differently the decision on pretrial detention and the decision on conditions of pretrial release). However, in this case, defendant was granted pretrial release, and we are charged only with determining whether the condition imposed on defendant's pretrial release—electronic monitoring—comports with the statutory requirements and is supported by the evidence. We review a trial court's decision regarding the appropriate conditions for pretrial release for an abuse of discretion. *People v.*

*McBee*, 2024 IL App (1st) 232017-U, ¶ 23; see also Ill. S. Ct. R. 604(c)(1) (West Supp. 2023) (eff. Apr. 15, 2024); *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9.

¶ 16 "Electronic monitoring, GPS monitoring, or home confinement can only be imposed as a condition of pretrial release if [] no less restrictive condition of release or combination of less restrictive condition[s] of release would reasonably ensure the appearance of the defendant for later hearings or protect an identifiable person or persons from imminent threat of serious physical harm." 720 ILCS 5/110-5(g) (West Supp. 2023). "If the court imposes electronic monitoring, GPS monitoring, or home confinement, the court shall set forth in the record the basis for its finding." 720 ILCS 5/110-5(h) (West Supp. 2023).

¶ 17 Defendant argues that there was no evidence presented to indicate electronic monitoring was needed to protect an identifiable person or persons from the imminent threat of serious physical harm. Defendant notes that the trial court relied upon "the level of violence in this particular case," as the predominant reason for imposing electronic monitoring. Defendant contends that while the level of violence might indicate a concern to the safety of the community, it does not support a finding that he poses "an imminent threat to an identifiable individual" as is required by statute before electronic monitoring can be imposed as a condition of pretrial release (relying on 720 ILCS 5/110-5(g) (West Supp. 2023)).

¶ 18 The level of violence in a particular case is surely a matter the trial court can consider in determining what condition or set of conditions will reasonably ensure the safety of another person or the community. The statute governing a trial court's determination of the conditions of release specifically instructs the trial court to consider "the nature and circumstances of the offense charged" when deciding what conditions of pretrial release might be necessary. 725 ILCS 5/110-5(a)(1) (West Supp. 2023). The list of considerations in the statute is likewise not

exhaustive. It instructs the trial court to examine "such matters as" those considerations listed there in the statute. Other obvious considerations, such as the level of violence in the case, are something the trial court can take into account when trying to craft a condition or a set of conditions that will reasonably ensure the safety of others and the community. See *McBee,* 2024 IL App (1st) 232017-U, ¶ 25 ("[t]he court was also entitled to consider the severity of the alleged incident" when determining that electronic monitoring was an appropriate condition of pretrial release).

¶ 19    The proffered facts in this case were that the police were called to a location because there was a domestic violence incident ongoing. When the police arrived, defendant was not at the scene. After the police left, defendant returned to the place where the victim was located and began to assault the victim again which was this time witnessed by the police officers. Once the police arrived and tried to intervene and defuse the situation, defendant continued acting violently. Defendant swatted away a police officer's hand and shoved that officer before punching another officer in the head. The statute for determining the conditions for pretrial release goes to considerable lengths to attempt to protect victims of domestic violence from their alleged abuser during the pretrial period. See 725 ILCS 5/110-5(a)(6)(A-L) (West Supp. 2023). The statute also instructs the trial court to consider the nature and seriousness of the real and present threat to any person or the community, based on the specific articulable facts of the case, that would be posed by the defendant's release as contemplated by the Rights of Crime Victims and Witnesses Act (725 ILCS 120 /1 *et seq*. (West Supp. 2023)). The Rights of Crime Victims and Witnesses Act gives victims of a crime the right to have their safety and their family's safety considered in determining whether to release the defendant pending trial and in setting conditions of any such release. 725 ILCS 120/4(a)(7.5) (West Supp. 2023).

¶ 20    The trial court expressly indicated that it considered defendant's proffer of mitigating circumstances and the scores assigned to defendant by Pretrial Services, which the trial court acknowledged to be pretty low. However, the evidence showed that there were people in need of protection from defendant due to the circumstances and the level of violence exhibited by him. Defendant is alleged to have abused Witness One on two occasions and then to have committed battery against two police officers. The recommendation from Pretrial Services was that defendant should be released pending trial with the condition of pretrial monitoring. The trial court found defendant to be unlikely to conform his behavior to the conditions of pretrial release, but it decided to give defendant a chance to do so with the condition of electronic monitoring. The trial court concluded that electronic monitoring was "necessary" and the "least restrictive" means to protect others, ensure defendant would appear in court, and to ensure defendant did not commit any other offenses while awaiting trial. The trial court's findings of fact were not against the manifest weight of the evidence and its conclusion that electronic monitoring is appropriate here was not an abuse of discretion. See *McBee*, 2024 IL App (1st) 232017-U, ¶ 28.

¶ 21    Defendant also argues that the conditions imposed upon his release were not the least restrictive conditions to accomplish the statutory objectives. Defendant contends that, in this case, electronic monitoring is "an overly restrictive condition of pretrial release" given defendant's limited criminal history and the low level of risk assigned to defendant by Pretrial Services. Defendant maintains that the State failed to show by clear and convincing evidence that electronic monitoring was the least restrictive condition for defendant's pretrial release.

¶ 22    The trial court expressly indicated that it considered the proffered mitigation and the low scores assigned to defendant by Pretrial Services. However, the trial court noted that defendant became "extremely violent" during this incident and "really crossed a line." The proffered

evidence showed that defendant committed at least two violent assaults against the mother of his child and two acts of violence against police officers. The trial court explained that because defendant was someone who could commit these violent acts against armed law enforcement, the court believed defendant might not comply with any conditions of pretrial release it imposed. The trial court explained that the condition of electronic monitoring was "necessary," and that it was the "least restrictive" means to ensure defendant appeared in court and did not commit any other offenses.

¶ 23　The trial court also gave consideration to the fact that defendant was employed, and it customized the condition of defendant's pretrial release to allow him to continue working. This effort by the court demonstrates that it considered the effect of the restriction on defendant and attempted to use only the means it believed were necessary to achieve the statutory aims. The trial court's findings of fact were not against the manifest weight of the evidence and its conclusion that electronic monitoring was necessary and was the least restrictive means of accomplishing the aims of the statute was not an abuse of discretion. See *id.*

¶ 24　The conditions of electronic monitoring will be reconsidered by the trial court at each subsequent appearance defendant makes before the court or every 60 days. See 725 ILCS 5/110-5(f-5) (West Supp. 2023); 725 ILCS 5/110-5(i) (West Supp. 2023). If the trial court finds less restrictive conditions of release are warranted in the future, it is required to remove or modify the condition it imposed. *Id.* Thus, defendant is entitled to continue making his case that electronic monitoring is not necessary or is not the least restrictive means for achieving the objectives of the Pretrial Fairness Act. At this time, however, defendant has not demonstrated that he is entitled to relief from the trial court's imposition of the condition on his pretrial release.

¶ 25                          CONCLUSION

¶ 26    Accordingly, we affirm.

¶ 27    Affirmed.