2026 IL App (1st) 252638-U
Order filed: April 23, 2026

FIRST DISTRICT
THIRD DIVISION

No. 1-25-2638B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 24 CR 0943901 |
| | ) | |
| LARRY K. MORALES LA PARRA, | ) | Honorable |
| | ) | Charles P. Burns, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Justices Lampkin and Reyes concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We affirm the order imposing electronic monitoring as a condition of defendant's pretrial release. We also affirm the orders subsequently denying defendant's petition to modify the condition of his pretrial release and denying his Rule 604(h)(2) motion for relief.

¶ 2     Defendant, Larry K. Morales La Parra, appeals the order of the circuit court imposing electronic monitoring as a condition of his pretrial release. Defendant also appeals the orders subsequently denying his petition to modify the condition of his pretrial release and denying his motion for relief under Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024). We affirm.

¶ 3     Defendant was charged with multiple counts of criminal sexual assault and aggravated criminal sexual abuse. The State filed a verified petition under section 110-6.1(a)(1) of the Code

of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(a)(1) (West 2024)), commonly known as the Pretrial Fairness Act (Act), to deny pretrial release. The State alleged that defendant was charged with a detainable offense, aggravated criminal sexual abuse, and that he posed a real and present threat to the safety of any person or persons or the community. *Id.*[1] The trial court held a hearing on the petition on September 3, 2024.

¶ 4    At the hearing, the State proceeded by proffer, explaining that defendant was 20 years old and that the victim was the 14-year-old sister of his pregnant girlfriend. On August 31, 2024, the girlfriend was driving defendant and the victim home from a family party. Defendant was in the front passenger seat and visibly intoxicated because he had consumed numerous alcoholic beverages at the party. As they drove, defendant stated he was going to take a nap and he crawled into the back seat of the vehicle with the victim.

¶ 5    Defendant began touching the victim over her jeans on her thigh and vagina. She asked him to stop and he told her to "relax." Then, defendant put his hand under the victim's shirt and bra and touched her breast, after which he put his hand in her pants and touched her vagina. Defendant grabbed the victim's wrist and forced her hand down his own pants and around his penis. She again asked him to stop. Defendant reached inside her pants and grabbed her buttocks.

¶ 6    At this point, the girlfriend noticed that the victim looked scared, so she told the victim to move to the front of the vehicle and sit with her. The victim crawled to the front seat and immediately stated that defendant had "touched" her. They drove to defendant's house and the girlfriend told him to get out. He refused. They began arguing and the girlfriend accused him of

---

[1] The verified petition incorrectly checked a box stating that defendant was charged with stalking, but the body of the petition and the facts of the case clearly show that the charge was for criminal sexual assault and aggravated criminal sexual abuse.

touching the victim. Defendant put the girlfriend in a "bearhug" and then released her and laid in front of the automobile. A concerned citizen came over and removed defendant from the scene. The girlfriend and the victim drove away. As they were driving, the victim described how defendant had sexually abused her. The girlfriend returned to defendant's house in order to tell his family about the sexual abuse. Defendant saw them and jumped on top of their automobile. The girlfriend accelerated, causing defendant to fall from the roof of the vehicle onto the ground. They went to the police station, where the victim made a report, and then they went to the hospital and the victim submitted to a criminal sexual assault kit.

¶ 7     Defendant was taken into custody the following day and he stated that he had been drunk during the ride home and had no memory of touching the victim. He said he was sorry if he touched her inappropriately.

¶ 8     After making the proffer, the State argued that it had established that the proof is evident and the presumption is great that defendant committed the detainable offense of aggravated criminal sexual abuse and that he poses a real and present threat to the safety of any person, persons or the community based on the facts of the case. The State also argued that there were no conditions that could be imposed which would mitigate the risk and specifically asked the judge not to release him with electronic monitoring.

¶ 9     A pretrial officer appeared at the hearing and stated that defendant had a "criminal activity" score of two and a "failure to appear" score of one and a PSA score coinciding with pretrial supervision level one.

¶ 10    Defendant argued for denial of the State's verified petition for pretrial detention, claiming that the State had not met its burden of proving by clear and convincing evidence that he had committed the offense of aggravated criminal sexual abuse. Defendant noted that the girlfriend did

not actually witness him touching the victim inappropriately and that the State had not presented the results of the criminal sexual assault kit or any other forensic evidence.

¶ 11   Defendant also argued that the State did not meet its burden of showing he poses a clear and present danger to the victim or to the community at large, as he has no criminal history, was not in possession of a weapon at the time of the alleged offense and was cooperative with the officers after his arrest. Defendant also noted his low scores on the "criminal activity" and "failure to appear" scales, further indicating he poses no threat to the victim or community at large.

¶ 12   Finally, defendant argued that the State did not meet its burden of showing that there were no conditions of release that could ensure the safety of the community. Defendant contended that he was a good candidate for release with electronic monitoring because he has a clean criminal record, lives with his family in Chicago, and worked full-time the previous year for a catering company.

¶ 13   The court found that the State had met its burden of showing that defendant committed the detainable offense of aggravated criminal sexual abuse and that he poses a clear and present threat to the safety of the victim. However, the court found that the threat defendant posed to the victim could be mitigated by the imposition of electronic monitoring. Accordingly, the court ordered defendant's release with the condition that he be placed on electronic monitoring through the Cook County Sheriff's Department. The court also entered an order under section 5-8A-4(A-1) of the Unified Code of Corrections (730 ILCS 5/5-8A-4(A-1) (West 2024)) allowing defendant two days of movement per week while on electronic monitoring.

¶ 14   On November 17, 2025, defendant filed a petition to modify the condition of his pretrial release. He argued that he has never missed any court dates and is often one of the first persons in the courtroom. He has not violated the electronic monitoring in any substantive way, and he stated

that he would abide by any new, less restrictive pretrial release conditions. He contended that neither the victim nor any other person would be at imminent risk of any serious physical harm if his pretrial condition was modified.

¶ 15    Defendant further stated that as a result of having to wear the electronic monitor, his movement is limited and he has not been able to find work. His father recently has been diagnosed with liver disease, struggles to pay his medical bills, and has moved to Virginia. Defendant asked that the electronic monitor be removed so that he may find gainful employment and financially assist his family.

¶ 16    The court held a hearing on the petition to modify on November 21, 2025. At the hearing, defendant informed the court that in the entire year he had been on electronic monitoring, his only violation was failing to recharge the device five times. He has since been taught how to recharge the device, and there have been no further violations. Defendant also described how his father contracted liver disease and moved to Virginia and he asked that the electronic monitor be removed to enhance his ability to find a job and financially help out his parents. The court inquired of defense counsel whether defendant had any current job offers. Counsel said no.

¶ 17    The State argued against releasing defendant from electronic monitoring due to the severity of the charges and his "potential for contact" with the victim or her sister. The court agreed, stating:

"Short of this defendant having a firm job offer here, I'm not going to change his conditions. This is a very serious allegation here. It's an alleged sexual assault of a 14-year-old, brazen in front of the *** sister that happens to be his pregnant girlfriend. I believe this is the least restrictive method of release. *** Motion for relief is going to be denied."

¶ 18    On December 11, 2025, defendant filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024), asking the court to reconsider the denial of his petition

to modify the condition of his pretrial release. Defendant argued that the court did not consider the appropriate statutory factors set forth in section 110-5(f-5) and 110-5(i) of the Code. 725 ILCS 5/110-5(f-5), 5/110-5(i) (West 2024). Section 110-5(f-5) provides that "[a]t each subsequent appearance of the defendant before the court, the judge must find that the current conditions imposed are necessary to reasonably ensure the appearance of the defendant as required, the safety of any other person, and the compliance of the defendant with all the conditions of pretrial release." *Id.* § 110-5(f-5). Section 110-5(i) provides that when electronic monitoring has been imposed, the court shall determine every 60 days whether a less restrictive condition of release would reasonably ensure his continued appearance for later hearings or protect an identifiable person from imminent threat of serious physical harm. *Id.* § 110-5(i).

¶ 19    The court held a hearing on the Rule 604(h)(2) motion for relief on December 12, 2025. At the hearing, defendant argued that in denying the petition to modify, the court failed to determine under section 110-5(f-5) and section 110-5(i) whether conditions less restrictive than electronic monitoring would ensure his continued court appearances and protect an identifiable person from an imminent threat of serious physical harm. Defendant noted that since he has been on electronic monitoring, he has never contacted the victim, violated his curfew, or missed any court dates. Given his appearances at all the court hearings and his disengagement from the victim, defendant argued that continued electronic monitoring was not necessary to ensure his continued appearances or protect anyone from imminent threat of serious physical harm. He asked to be released from electronic monitoring and to be placed on "level three pretrial services."

¶ 20    The State countered that there was no cause to reconsider electronic monitoring here, as the court had considered all the relevant statutory factors when denying the petition to modify the

condition of pretrial release in November 2025 and there had been no change in defendant's circumstances since then justifying reconsideration.

¶ 21 The court denied defendant's Rule 604(h)(2) motion for relief, finding that he was "charged with a very serious offense" and that there were no less restrictive conditions of release that would protect the victim and her sister from the imminent threat of serious physical harm. In so ruling, the court further recognized that defendant had not always been compliant with the terms of his electronic monitoring, as he had failed to recharge his device five times. His repeated failures to comply with the terms of electronic monitoring was a factor weighing against a less restrictive condition of release.

¶ 22 Defendant now appeals from the September 2024 order imposing electronic monitoring as a condition of his pretrial release. Defendant also appeals the November 2025 order denying his petition to remove him from electronic monitoring and the December 2025 order denying his motion for relief under Rule 604(h)(2). Defendant has not supplemented his notice of appeal with an optional memorandum (see Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024)) but instead stands on his Rule 604(h)(2) motion for relief.

¶ 23 First, defendant argues that the court did not consider the appropriate statutory factors set forth in section 110-10(b) (725 ILCS 5/110-10(b) (West 2024)) when placing him on electronic monitoring in September 2024. Initially, we note that Rule 604(h)(2) provides that "[u]pon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). Defendant's Rule 604(h)(2) motion for relief focused primarily on the court's alleged error in November 2025 in denying the petition to modify the condition of his pretrial release. However, the Rule 604(h)(2) motion did state in a single sentence: "The Court did not make a finding that

24/7 Sheriff's EM is necessary using the factors in 725 ILCS 5/110-10(b)." Defendant thereby referenced (albeit briefly) the court's alleged error in failing to properly consider the factors in section 110-10(b) when placing him on electronic monitoring in September 2024. Defendant's reference was sufficient to preserve the issue for review under Rule 604(h)(2).

¶ 24    However, defendant is estopped from raising the issue under the invited error doctrine because during the September 2024 hearing, he asked the court to deny the State's petition for pretrial detention and instead release him on electronic monitoring, the very same action which he now claims was error. Under the invited error doctrine, a party cannot acquiesce in the manner in which the court proceeds and then later claim on appeal that the court's actions constituted error. *Direct Auto Insurance Co. v. Bahena*, 2019 IL App (1st) 172918, ¶ 36. " 'Simply stated, a party cannot complain of error which that party induced the court to make or to which that party consented.' " *Id.* (quoting *In re Detention of Swope*, 213 Ill. 2d 210, 217 (2004)). The rule of invited error is a procedural default described as an estoppel. *Swope*, 213 Ill. 2d at 217.

¶ 25    Even choosing to consider the issue on the merits, we find no error. First, we address the appropriate standard of review. In *People v. King*, 2024 IL App (1st) 240494-U, which we cite for its persuasive authority under Illinois Supreme Court Rule 23(e)(1) (eff. June 3, 2025), we held that a trial court's decision regarding the appropriate conditions for pretrial release is reviewed for an abuse of discretion. *King*, 2024 IL App (1st) 240494-U, ¶ 15. Subsequently, in *People v. Morgan*, 2025 IL 130626, our supreme court held that where the parties proceeded solely by proffer at a pretrial detention hearing, this court stands in the same position as the trial court and may conduct its own independent review of the proffered evidence, thus reviewing the record *de novo*. *Id.* ¶ 54. At the hearing in September 2024 on the initial petition for detention, the parties proceeded solely by proffer. Therefore, our review is *de novo*. *Id.* We further note, though, that

our decision here would be the same even if we reviewed the court's decision for an abuse of discretion. We proceed to address the court's decision in September 2024 to grant defendant pretrial release conditioned on his wearing an electronic monitor.

¶ 26 Pretrial release is governed by section 110 of the Code (725 ILCS 5/110 (West 2024)). Upon filing a verified petition requesting the denial of pretrial release, the State bears the burden of proving by clear and convincing evidence that: (1) the proof is evident or the presumption great that the defendant has committed a detainable offense, such as aggravated criminal sexual abuse; (2) the defendant's pretrial release poses a real and present threat to the safety of any person or the community; and (3) less restrictive conditions would not avoid a real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution. *Id.* §§ 110-2(a), 110-6.1.

¶ 27 Section 110-10(a) sets forth several conditions for pretrial release, including that the defendant appear for court hearings and not commit any criminal violations. *Id.* §110-10(a). Section 110-10(b) provides that "[a]dditional conditions of release" shall only be set when the court finds that they are necessary to ensure defendant's appearance in court or his compliance with all conditions of pretrial release or with the rules of the court, or are needed to ensure that he not commit any criminal offense or unduly interfere with the orderly administration of justice. *Id.* § 110-10(b). With respect to the decision to impose electronic monitoring as a condition for pretrial release, section 110-5(g) specifically provides that the court must consider whether a "less restrictive condition of release or combination of less restrictive condition of release would reasonably ensure the appearance of the defendant for later hearings or protect an identifiable person or persons from imminent threat of serious physical harm." *Id.* § 110-5(g).

¶ 28    The record shows that during the September 2024 hearing, the court agreed with defendant's arguments that the State's petition for pretrial detention should be denied due to his youth and lack of a criminal history and his pretrial PSA score. However, the court also specifically noted the "brazenness" of defendant's act of sexually abusing the 14-year-old victim in the backseat of the automobile while his pregnant girlfriend was driving and expressed concern about what defendant would do to the victim if he was alone with her. The court determined that releasing defendant with an electronic monitor was the least restrictive method of reasonably ensuring his future court appearances while at the same time protecting the victim.

¶ 29    On this record, we find that the court thoroughly reviewed the evidence presented and considered all the relevant statutory factors prior to ordering defendant's release with electronic monitoring. Further, the evidence supports the court's imposition of electronic monitoring to ensure the protection of the victim, where the State's proffer showed that defendant sexually abused the 14-year-old victim in the back seat of his girlfriend's automobile and did not stop until the girlfriend told the victim to move to the front seat. After the girlfriend drove them to defendant's house and confronted him, he put her in a bearhug before laying in front of the automobile. He did not leave until a neighbor physically removed him from the scene. The girlfriend drove away, but she later returned to defendant's house, whereupon he jumped on top of the automobile. Defendant remained on top of the vehicle until she drove off again, causing him to roll onto the ground. Taken together, all these acts show the continuing, imminent threat defendant poses to the victim and the girlfriend if he is released without any form of electronic monitoring to keep track of his movements. Accordingly, the court committed no error in conditioning defendant's release on electronic monitoring.

¶ 30    Next, defendant argues that the court erred in November 2025 when it denied his petition to remove him from electronic monitoring and in December 2025 when it denied his motion for relief under Rule 604(h)(2). Defendant contends that the court failed to consider whether, under sections 110-5(f-5) and 110-5(i), any less restrictive conditions would reasonably ensure his future court appearances or protect the victim and the girlfriend from "imminent threat of serious physical harm." *Id.* § 110-5(i).

¶ 31    We find no error. At the November 2025 hearing on defendant's petition, the trial court again considered the facts underlying his alleged sexual abuse of the victim and weighed his arguments that he had complied with all requirements of the electronic monitoring program and needed less restrictive conditions so as to find and hold a job. The court inquired of defense counsel whether defendant had any current job offers, and counsel said no. The court stated that in the absence of any firm job offer, and in light of defendant's "brazen" alleged sexual abuse of the 14-year-old victim in front of her sister, who was also his girlfriend, the least restrictive condition of release remained electronic monitoring. Therefore, the court denied defendant's petition.

¶ 32    At the December 2025 hearing on defendant's motion for relief under Rule 604(h)(2), the court again noted that electronic monitoring remained the least restrictive condition of release. In so ruling, the court commented on the severity of the charges against defendant as well as his multiple failures to fully comply with the electronic monitoring requirements by ensuring that his device was fully charged.

¶ 33    On this record, the court made the requisite examination under sections 110-5(f-5) and 110-5(i) and determined that electronic monitoring remained necessary to protect the victim and the girlfriend from the imminent threat of serious physical harm.  The evidence supported the court's finding, where the only changes defendant pointed to since the court's initial imposition of

electronic monitoring was that he had spent a year allegedly abiding by the conditions of his release and that he needed to find work to help support his family. The evidence showed, though, that defendant had *not* abided by all the conditions of his release as he failed to recharge his electronic device on five separate occasions. Also, even though defendant was provided two days of movement per week to look for a job, he identified no current, verifiable job offer. On these facts, there had been no change in any relevant circumstances since the imposition of electronic monitoring. Defendant's continuing imminent threat to the victim and the girlfriend remained the same. Therefore, the court did not err in denying defendant's petition and the motion for relief under Rule 604(h)(2).

¶ 34    For all the foregoing reasons, we affirm the circuit court.

¶ 35    Affirmed.